# THE

# TEXAS LAW REPORTER.

AUSTIN, TEXAS, SEPTEMBER, 1882.

## J. S. LaRUE ET AL. v. W. H. BOWER.

### COMMISSION OF APPEALS, AUSTIN TERM, 1882.

*Practice.*—The trial court is authorized to submit special issues to the jury whether or not requested by either or both parties, provided they are submitted in a clear and proper manner or form, on the issues raised by the pleadings.

*Same.*—It has been consistently held in this State, that where a jury has intervened, and all the issues have been submitted to their decision, their verdict must constitute the basis of the judgment, and that the court cannot look to the evidence on which the verdict was founded, in order to determine what judgment to render, but must look alone to the verdict. Note a state of case to which the rule is applicable.

*Statement.*—Bower sued LaRue October 25, 1880, in justice court on a sworn account for labor, for $56, and sued out an attachment, which was levied upon seed cotton.

LaRue plead in reconvention, damages for wrongfully suing out the attachment, also for damages on account of breach of the contract between them as to the time Bower was to labor for him. That the damages claimed amounted in the aggregate to about $180. He also claimed that the account had been merged into a due bill; also into a note. On the trial in justice court, judgment was rendered in favor of Bower for $56. LaRue appealed to the county court, where the case was tried, special issues propounded by the court, answered by the jury, and judgment rendered for Bower for $56, and foreclosure of the attachment lien decreed.

The only material errors assigned are sufficiently noticed in the opinion.

Appeal from Grayson County.—Opinion by Watts, J.—Appellant complains that the court ought not to have submitted special issues to the jury, without being requested so to do by one or both of the parties.

This was a matter largely within the discretion of the court. By article 1333, Revised Statutes, it is provided, that "the jury shall render a general or special verdict, as may be directed by the court; and the verdict shall comprehend the whole issue or all the issues submitted to them."

In Collins v. Cook, 40 Texas, 249, it was held not to be error for the court to submit special issues to the jury, provided they were given in a clear and proper manner or form, on the issues raised by the pleading.

Here, the issues present the whole case in a form easy of comprehension, and not so liable to confuse the jury, as would the giving of the instructions asked by either or both of the parties.

It is asserted that the jury show by their answer to the sixth issue that a due bill had been given in settlement of the account sued on, and that therefore the account had been merged into the due bill.

In Claiborne v. Tanner, 18 Texas, 78, Justice Wheeler said: "There can be no clearer principle than that, where a jury has intervened, and all the issues have been submitted to their decision, their verdict must constitute the basis of the judgment."

The court cannot look to the evidence on which the verdict was founded, in order to determine what judgment to render, but must look alone to the verdict.

This is the accepted rule, but it by no means follows that the special findings would not support the judgment rendered thereon by the court.

Now, admit that if a due bill had been given in settlement of the account, that this would have merged the account into the due bill, still to have that effect the due bill must have been given in settlement of the account. Appellant claimed upon the one hand that the due bill was given in settlement of the account, while appellee claimed that the due bill was not given as a settlement, but as a collateral to enable him to raise the money. The issue or question, as propounded by the court, clearly presents the matter to the jury, and they responded: "There was a settlement and a due bill given for the purpose of enabling plaintiff to raise his money, and there was no note given in settlement."

While the response might have been more direct, and therefore more satisfactory, still, looking to the issues made by the parties, and the question as presented by the court, it does not occur to us that there is any room for doubt as to the meaning of the jury.

That is, that the due bill was not given in settlement of the account.

Without entering upon a discussion of the many questions presented by appellant's brief, it is sufficient to say that after an examination of the whole case, we think that there is no such error shown by the record, as ought to work a reversal of the judgment, for by it the substantial justice of the case was attained.

Judgment ought to be affirmed.

Examined and approved, and judgment affirmed.—WHITE, P. J.